

1  TODD M. MALYNN (SBN 181595)
   Email: tmalynn@feldmangale.com
2  ALEJANDRO J. FERNANDEZ (Fla. Bar. No. 32221)
   Email: afernandez@feldmangale.com
3  A.ROBERT WEAVER (Fla. Bar. No. 92132)
   Email: rweaver@feldmangale.com
4  **FELDMAN GALE, P.A.**
   880 West First Street, Suite 315
5  Los Angeles, California 90012
   Telephone No. (213) 625-5992
6  Facsimile No. (213) 625-5993

7  Attorneys for Plaintiffs
   HAND & NAIL HARMONY, INC. AND
8  NAIL ALLIANCE, LLC

9

10             **IN THE UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12  HAND & NAIL HARMONY, INC., a     )  CASE NO.:
    California corporation, and NAIL )
13  ALLIANCE, LLC, a Delaware        )  **COMPLAINT FOR:**
    corporation                      )
14                                   )  **(1) CYBERSQUATTING (15 U.S.C. §**
15           Plaintiffs,             )      **1125(d));**
                                     )
16      v.                           )  **(2) TRADEMARK INFRINGEMENT**
                                     )      **(15 U.S.C. § 1114);**
17  INTERNATIONAL NAIL CO. d/b/a     )
18  ROCKSTAR NAILS, and DOES 1-10,   )  **(3) UNFAIR COMPETITION (15**
    inclusive.                       )      **U.S.C. § 1125);**
19                                   )
             Defendants.             )  **(4) COPYRIGHT INFRINGEMENT**
20                                   )      **(17 U.S.C. § 501);**
21                                   )
                                     )  **(5) INTERFERENCE WITH**
22                                   )      **CONTRACTUAL RELATIONS**
                                     )      **AND/OR PROSPECTIVE**
23                                   )      **BUSINESS ADVANTAGES**
                                     )
24                                   )  **(6) UNFAIR COMPETITION (Cal.**
                                     )      **Bus. & Prof. Code § 17200)**
25                                   )
                                     )  **DEMAND FOR JURY TRIAL**
26

                                        **FILED UNDER SEAL**

1  TODD M. MALYNN (SBN 181595)
   Email: tmalynn@feldmangale.com
2  ALEJANDRO J. FERNANDEZ (Fla. Bar. No. 32221)
   Email: afernandez@feldmangale.com
3  A.ROBERT WEAVER (Fla. Bar. No. 92132)
   Email: rweaver@feldmangale.com
4  **FELDMAN GALE, P.A.**
   880 West First Street, Suite 315
5  Los Angeles, California 90012
   Telephone No. (213) 625-5992
6  Facsimile No. (213) 625-5993

7  Attorneys for Plaintiffs
   HAND & NAIL HARMONY, INC. AND
8  NAIL ALLIANCE, LLC

9

10              **IN THE UNITED STATES DISTRICT COURT**

11            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12  HAND & NAIL HARMONY, INC., a          **CASE NO.:**
    California corporation, and NAIL
13  ALLIANCE, LLC, a Delaware            **COMPLAINT FOR:**
    corporation
14                                        **(1) CYBERSQUATTING (15 U.S.C. §**
                                              **1125(d));**
15          Plaintiffs,
                                          **(2) TRADEMARK INFRINGEMENT**
16                                            **(15 U.S.C. § 1114);**
        v.
17                                        **(3) UNFAIR COMPETITION (15**
                                              **U.S.C. § 1125);**
18  INTERNATIONAL NAIL CO. d/b/a
    ROCKSTAR NAILS, and DOES 1-10,       **(4) COPYRIGHT INFRINGEMENT**
19  inclusive.                               **(17 U.S.C. § 501);**

20          Defendants.                   **(5) INTERFERENCE WITH**
                                              **CONTRACTUAL RELATIONS**
21                                            **AND/OR PROSPECTIVE**
                                              **BUSINESS ADVANTAGES**
22
                                          **(6) UNFAIR COMPETITION (Cal.**
23                                            **Bus. & Prof. Code § 17200)**

24                                        **DEMAND FOR JURY TRIAL**

25

26                                        **FILED UNDER SEAL**

27

28

1

COMPLAINT

TODD M. MALYNN (SBN 181595)
Email: tmalynn@feldmangale.com
ALEJANDRO J. FERNANDEZ (Fla. Bar. No. 32221)
Email: afernandez@feldmangale.com
A.ROBERT WEAVER (Fla. Bar. No. 92132)
Email: rweaver@feldmangale.com
**FELDMAN GALE, P.A.**
880 West First Street, Suite 315
Los Angeles, California 90012
Telephone No. (213) 625-5992
Facsimile No. (213) 625-5993

Attorneys for Plaintiffs
HAND & NAIL HARMONY, INC. AND
NAIL ALLIANCE, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAND & NAIL HARMONY, INC., a California corporation, and NAIL ALLIANCE, LLC, a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL NAIL CO. d/b/a ROCKSTAR NAILS, and DOES 1-10, inclusive.<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR:**<br><br>(1) **CYBERSQUATTING (15 U.S.C. § 1125(d));**<br><br>(2) **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>(3) **UNFAIR COMPETITION (15 U.S.C. § 1125);**<br><br>(4) **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501);**<br><br>(5) **INTERFERENCE WITH CONTRACTUAL RELATIONS AND/OR PROSPECTIVE BUSINESS ADVANTAGES**<br><br>(6) **UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs HAND & NAIL HARMONY, INC. ("Harmony") and NAIL ALLIANCE, LLC ("Nail Alliance") (collectively, "Plaintiffs"), by their attorneys Todd M. Malynn, Alejandro J. Fernandez, and A. Robert Weaver of FELDMAN

1 GALE, P.A., and for their Complaint against defendants INTERNATIONAL NAIL
2 CO. d/b/a ROCKSTAR NAILS ("Rockstar") and DOES 1 through 10 (collectively,
3 "Defendants"), allege as follows:

**I.**

**JURISDICTION AND VENUE**

6 1. This action arises under and this Court has original jurisdiction
7 pursuant to Title 28 U.S.C. §§ 1331, 1332 and 1338, and supplemental jurisdiction
8 pursuant to Title 18 U.S.C. § 1367.

9 2. Venue is proper in this Court pursuant 28 U.S.C. § 1391 and 18
10 U.S.C. 1965(a).

**II.**

**INTRODUCTION**

13 3. Harmony creates, promotes and sells high-quality nail care products,
14 including Harmony's leading brand of soak-off gel polishes (collectively, "Harmony
15 Products") under its flagship brand name GELISH® and other trademarks
16 (collectively, the "Harmony Marks"). Harmony uses a number domain names,
17 including www.gelish.com and www.nailharmony.com, and promotes Harmony
18 products at its website www.gelish.com to which other domains are redirected.

19 4. Defendants registered in bad faith the domain name
20 www.HarmonyGelish.co.uk (the "Infringing Domain Name") to improperly
21 associate themselves with Harmony and engage in numerous unlawful activities at
22 the expense of Harmony. Defendants operate at the Infringing Domain Name a
23 website formed top to bottom from copyrighted images and trademarks lifted and
24 misappropriated directly from Harmony's website (the "Infringing Website").

25 5. The singular purpose of Defendants' Infringing Website is to sell
26 unauthorized/infringing Harmony products (the "Infringing Merchandise") without
27 concern or restriction as to whether a salon or retail consumer is trained or qualified
28 to apply Harmony's product to others' or their own nails. This risks and inevitably

2

COMPLAINT

1 results in shoddy, low-quality applications of Harmony products on unsuspecting

2 patrons and potential health risks associated with low-quality nail-care applications.

3 Such misapplication of the Infringing Merchandise by untrained/unqualified

4 persons, in turn, has a harmful effect on Harmony's brands and reputation.

5       6.    Defendants' unlawful conduct has damaged and is continuing to injure

6 Harmony's business, including on Harmony's contractual relationships with its

7 exclusive, authorized distributors and salons, and prospective business partners.

8       7.    Plaintiffs seek relief against Defendants' bad faith domain name

9 registration, wanton copyright and other intellectual property infringements, and

10 unlawful acquisition, promotion, sale and distribution of the Infringing

11 Merchandise, together with all other related wrongful conduct.

12 **III.**

13 **PLAINTIFFS**

14       8.    Harmony is a corporation duly organized under the laws of California.

15 Harmony manufactures, distributes and sells, *inter alia*, a leading brand of high-

16 quality, soak-off gel polishes and other nail care products and accessories in a wide

17 variety of colors under the mark GELISH. Harmony's GELISH brand gel polishes,

18 as well as its other brands of nail care products and nail care accessories, are

19 collectively referred to herein as the "Harmony Goods." Harmony, using a limited

20 number of qualified distributors, sells the Harmony Goods to boutiques and salons

21 in this judicial district and throughout the world.

22       9.    Harmony's qualified distributors are contractually obligated to only sell

23 Harmony Goods to properly trained boutiques and salons. Selling exclusively to

24 trained boutiques and salons is imperative because the GELISH brand gel polish

25 requires precise application of a base coat product, a polish product and a top coat

26 product, each of which must be properly irradiated with ultraviolet light for curing.

27 Application by an inexperienced person without proper training and equipment

28 yields uncured or marred finishes. Likewise, removal of the cured finishes without

1  proper training/equipment can take excessive time, thus aggravating the user.

2  Untrained/unqualified applications of any nail care product can also result in

3  bacterial infections of the nail bed causing painful and permanent injuries.

4      10.   Nail Alliance is a limited liability corporation duly organized under the

5  laws of Delaware.  Nail Alliance owns certain marks used in connection with the

6  Harmony Goods, including the Harmony Marks referenced and described herein.

7  Nail Alliance exclusively licenses the Harmony Marks to Harmony.

8      11.   The high quality nature of the Harmony Goods together with the

9  distinctive Harmony Marks and distinctive, proprietary bottles, lamps and other

10 accessories has made the Harmony Goods a phenomenal commercial success.

11 Harmony has sold millions of bottles of GELISH brand gel polish in the United

12 States and throughout the world, and consumers recognize the Harmony Goods,

13 including GELISH, by the Harmony Marks, bottle, lamps and trade dress.

14     12.   Harmony's success in selling the Harmony Goods has attracted a large

15 pack of unauthorized sellers eager to capitalize on Harmony's goodwill.  Like many

16 other famous trademark owners, Harmony suffers ongoing daily and sustained

17 violations of intellectual property rights at the hand of cybersquatters and infringers,

18 such as Defendants, all of which are anxious to capitalize on the high demand for

19 Harmony Goods. These cybersquatters and infringers dupe consumers into

20 purchasing an ever expanding number of products of unknown origin from

21 untrained sellers.  The natural byproduct of Defendants' actions is the erosion and

22 destruction of the goodwill associated with the Harmony Marks that occurs when

23 the Harmony Goods are applied by unqualified boutiques, salons and individuals.

24     13.   Harmony spends a significant amount of its resources policing and

25 enforcing its intellectual property rights to protect consumers and itself from the

26 corrosive impact of such Infringing Merchandise.  The financial burden on Harmony

27 is staggering, as is the burden on the Federal court system.

28

## IV.

### DEFENDANTS

14.   Rockstar is an entity of unknown type, which registered in bad faith the Infringing Domain Name.   The Infringing Domain Name is registered to International Nail Co. having an address of 1223 S. 12th Street, Bismarck, North Dakota 58501, which is apparently a house in a residential neighborhood.

15.   A search of the North Dakota Secretary of State's business name database reveals that neither Rockstar Nails nor International Nail Co. are organized under the laws of North Dakota, or registered to conduct business in North Dakota. A web search also fails to reveal a business operating at this Bismark, North Dakota address under the name Rockstar Nails or International Nail Co.

16.   Upon information and belief, Rockstar actually resides and operates within this judicial district in the State of California.   Plaintiffs retained licensed private investigators to purchase sample goods sold on the Infringing Website.   The purchased goods included a *Santa Monica, CA return address*.   Further, the terms & conditions of Defendants' website advise that "use of this site *shall be governed by the laws of the state of California*, U.S.A." (emphasis added).

17.   Based on the foregoing facts, among others, Rockstar has submitted itself to the jurisdiction of this Court.

18.   Upon information and belief, Rockstar has engaged in bad faith, fraudulent and unlawful conduct in connection with the Infringing Domain Name. Such conduct includes registration of a domain name comprised of Harmony's famous marks and providing false, inaccurate and/or misleading information to its Registrar during the registration of the Infringing Domain Name.

19.   Upon information and belief, Rockstar and its owners, operators, and/or directors have used false, inaccurate and/or misleading information in the registration and maintenance of the Infringing Domain Name and Defendants' website to conceal their identities regarding the illegal activities described herein.

20.   Upon information and belief, there are other individuals who obtain, distribute, supply and sell Infringing Merchandise in violation of law, who aid and abet the other Defendants in violation of the law, are in a conspiracy to commit the wrongful acts alleged herein, and/or are otherwise vicariously liable to Plaintiffs for the wrongful acts and violation of Plaintiffs' rights as alleged herein, but Plaintiffs are unaware of their true identity or complete role in the alleged conduct, and therefore Plaintiffs sue them by the fictitious names DOES 1 to 10.

21.   Plaintiffs are informed and believe that each of the Defendants designated as a Doe and included among the Defendants, is liable in some manner for the acts and omissions, damages and injuries alleged in this Complaint.  These DOE defendants include the true owners, operators and/or directors of Rockstar and International Nail Co.  Plaintiffs will seek to amend this Complaint to state the true identities of DOES 1-10 when ascertained.

22.   Defendants are subject to personal jurisdiction in this judicial district because they direct business activities toward and conduct business with consumers within the State of California and the United States generally through at least the fully interactive commercial Internet website www.harmonygelish.co.uk. Additionally, upon information and belief, Rockstar is a business entity located in the State of California.  Rockstar and its principles have submitted to personal jurisdiction by controlling the shipment of products to this jurisdiction and declaring that use of the unlawful website shall be governed by the laws of California.

23.   Venue is proper pursuant to 28 U.S.C. § 1391 and 18 U.S.C. 1965(a) since Defendants are, upon information and belief, residing within this district. Defendants have also advertised and made sales and shipped infringing products into this judicial district.

V.

## GENERAL ALLEGATIONS

### A.   HARMONY'S FAMILY OF NAIL CARE PRODUCTS

24.    Harmony's nail care products and related accessories are made in America and are famous and known throughout the industry for their high quality, durability, ease-of-use, consistency and beauty.

25.    Harmony's trademarks are protected by multiple federal trademark registrations, including the trademark registrations listed in TABLE 1 below, as well as common laws of California.   True and correct copies of the certificates of registration are set forth at composite Exhibit A to this Complaint:

| Trademark | Reg. No. | Reg. Date | Class/Goods |
|---|---|---|---|
| **GELISH** | 4,096,115 | 2/7/2012 | 003 – "Nail care preparations" |
| gelish | 3,857,946 | 10/5/2010 | 003 – "Nail care preparations" |
| **HAND & NAIL HARMONY** | 3,750,701 | 2/16/2010 | 003 – "Artificial fingernails; cuticle conditioners; nail buffing preparations; Nail care preparations; Nail cream; Nail enamels; Nail polish; Nail polish removers; Nail tips" |
| **HAND & NAIL HARMONY** | 4,013,304 | 8/16/2011 | 003 – "Nail Polish Removers" |
| **VITAGEL** | 4,318,850 | 5/25/2012 | 003 – "Nail care preparations" |
| vitagel | 4,318,869 | 4/9/2013 | 003 – "Nail care preparations" |

| VITAGEL BY GELISH | 4,511,405 | 4/8/2014 | 003 – "Nail care preparations" |
|---|---|---|---|
| 18G | 4,206,100 | 9/11/2012 | 011 – "Apparatus for drying/hardening nail finishes, polishes and varnishes, including desiccate apparatus, drying apparatus, LED type nail dryers, drying apparatus and installations, and lamps" |

**TABLE 1: U.S. Registrations for Harmony Marks**

26.    In addition, to the marks identified in Table 1, Harmony uses a number of unregistered trademarks protected under both the Lanham Act and the common laws of California.   These include: HARMONY, ALL ABOUT THE GLOW, LOVE IN BLOOM, GOLD, BLACK, CANDY LAND, HOUSE OF GELISH, AURORA EFX, THE SHADDOWS, YEAR OF THE SNAKE, ONCE UPON A DREAM, COLORS OF PARADISE, SIZZLING SUMMER, RIO NEON, WINTER REDS, UNDER HER SPELL and THE SNOW ESCAPE, among others.

27.    The brand name of each GELISH color is also protected under the Lanham Act and the common laws of California.

28.    Collectively, the federal and common law trademarks identified herein are referred to as the "Harmony Marks."

29.    As mentioned, Nail Alliance owns the Harmony Marks.  Pursuant to an exclusive license agreement, Harmony has the exclusive, worldwide right to use the Harmony Marks.  Harmony has at all times relevant to this Complaint been the exclusive licensee of all rights in the Harmony Marks.

30.    Over a period of years, Harmony has invested substantial time, money and other resources widely promoting the Harmony Goods in the United States and throughout the world. The Harmony Marks are symbols of Harmony's quality, reputation and goodwill and have never been abandoned. Harmony Goods are widely and legitimately promoted by Harmony on the Internet and in numerous industry publications and trade shows, as well as by authorized distributors. As a result of Harmony's efforts, members of the consuming public readily identify the Harmony Goods as being high quality goods sponsored and approved by Harmony.

31.    Accordingly, the Harmony Marks have achieved secondary meaning as identifiers of high quality gel polishes and nail applications. Further, Plaintiffs are informed and believe that at least the GELISH mark qualifies as "famous" as that term is used in 15 U.S.C. § 1125 (c)(1).

32.    Harmony and Nail Alliance carefully monitor and police the use of the Harmony Marks and the Harmony Goods.

33.    Harmony has also given notice of its trademark rights to Defendants pursuant to 15 U.S.C. § 1111 by marking Harmony Goods with the ® symbol to notify others that the Harmony marks are the subject of federal trademark registrations.

34.    The Harmony Marks have never been assigned or licensed to any of the Defendants in this matter.

**B.    HARMONY'S WEBSITE AND COPYRIGHTED WORKS**

35.    As part of its efforts to market and promote the Harmony Goods, Harmony owns, maintains and operates the domain name www.gelish.com.

36.    The photographs of Harmony Goods and product packaging, including those used and published on www.gelish.com as well as in other promotional material distributed by Harmony, constitute copyrightable subject matter under the laws of the United States.

37.    Harmony obtained the United States Copyright Registrations identified below in TABLE 2.  True and correct copies of the Registration Certificates for the claims of copyright are attached herewith as Exhibit B.

| Title | Copyright No. | Reg. Date |
|---|---|---|
| GELISH Nail Care November 18, 2012 | VA0001880732 | 9/3/2013 |
| GELISH Nail Care June 18, 2012 | VA0001880751 | 9/3/2013 |
| GELISH Nail Bottle | VA0001880769 | 9/3/2013 |
| GELISH NAIL Care August 21, 2012 | VA0001880736 | 9/3/2013 |
| GELISH Nail Care January 2012 | VA0001880744 | 9/3/2013 |
| GELISH Nail Care September 2012 | VA0001874516 | 9/3/2013 |
| GELISH Nail Care June 25, 2012 | VA0001880735 | 9/3/2013 |
| GELISH Nail Care March 8, 2012 | VA0001880747 | 9/3/2013 |
| GELISH May 18, 2011 Nail Care | VA0001880730 | 9/3/2013 |
| GELISH Nail Care May 11, 2011 | VA0001880730 | 9/3/2013 |
| GELISH Nail Care June 2011 | VA0001880109 | 9/3/2013 |
| GELISH NAIL CARE May 19, 2011 | VA0001880731 | 9/3/2013 |
| GELISH Nail Care August 2, 2011 | VA0001880748 | 9/3/2013 |
| GELISH Nail Care March 2011 | VA0001880728 | 9/3/2013 |
| GELISH Nail Care August 5, 2011 | VA0001880668 | 9/3/2013 |
| GELISH Dark Pink Builder Gel | VA0001880742 | 9/3/2013 |
| GELISH Nail Care November 11, 2011 | VA0001880745 | 9/3/2013 |
| GELISH Nail Care December 2010 | VA0001880698 | 9/3/2013 |
| GELISH Nail Care June 2010 | VA0001880740 | 9/3/2013 |

**TABLE 2: COPYRIGHT REGISTRATIONS**

38.    From 2013 until the filing of this Complaint, Harmony has complied in all respects with the Copyright Act of October 19, 1976, Title 1 § 101, 90 Stat. 2541; 17 U.S.C. § 401-412, and all other laws governing copyright.

**C.    DISTRIBUTION AND PROMOTION OF THE HARMONY GOODS**

39.    Harmony sells the Harmony Goods exclusively to authorized distributors.  Each distributor has entered into an agreement with Harmony and/or Nail Alliance, and these distributor agreements are valuable to Plaintiffs.  Harmony distributors have agreed to distribute and sell the Harmony Goods only under certain conditions, including through promotion and development of valuable professional salon business for Harmony.  Plaintiffs' distribution agreements restrict the sale of Harmony's products to licensed professionals and beauty salons in this Judicial District and throughout the world.  When general merchandisers sell Harmony Goods outside of the salons and licensed professionals trained to effectively use the Harmony Goods, and in particular GELISH brand gel polish, their conduct could injure Harmony's goodwill and reduce Harmony's sales to salon customers.

40.    Plaintiffs' distributor agreements also inform authorized distributors of Plaintiffs' policy against diversion and expressly prohibit the sale of Harmony Goods to unauthorized distributors, redistributors, and diverters, and over the Internet (in contrast to using the Internet for promotion).  The distributor agreements also require Plaintiffs' authorized distributors to carefully monitor the purchasing patterns of all its salon customers and licensed professionals.

**D.    DEFENDANTS' UNLAWFUL CONDUCT**

　　　**i.    BAD FAITH REGISTRATION AND USE OF DOMAIN NAME TO SELL ALTERED HARMONY GOODS**

41.    Plaintiffs own and have exclusive rights to the famous and distinctive HARMONY and GELISH marks.

42.    Defendants' domain name www.HarmonyGelish.co.uk incorporates both the HARMONY and GELISH marks.

43.    Defendants registered and use the Infringing Domain name with bad faith intent to profit from it.

44.     Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Plaintiffs' ownership of the Harmony Marks, including the famous marks HARMONY and GELISH.

45.     Defendants selected and registered www.HarmonyGelish.co.uk precisely because it incorporates both the HARMONY and GELISH marks.

46.     The website at the Infringing Domain name confirms Defendants' bad faith intent to profit.

47.     As more fully described below, Defendants' website is replete with illegally copied copyrighted works owned by Harmony.

48.     Further, Defendants' website sells only Infringing Merchandise, which Defendants obtain surreptitiously in violation of distributorship agreements.

49.     The Infringing Domain Name and Defendants' website directly compete with Harmony and its authorized distributors.  Defendants operate the Infringing Domain Name in order to drive Internet consumer traffic to its website, thereby increasing the value of the subject domain name and decreasing the size and value of Harmony's legitimate marketplace at the expense of Harmony and its authorized distributors.

50.     Defendants have undertaken exceptional efforts to hide their true identities.  The gel polish bottles sold on Defendants' website have been materially altered through the obliteration of serial numbers on the bottles.  As a result of this alteration, Plaintiffs are unable to determine what distributor is providing Harmony Goods to Defendants.  Additionally, Defendants provided misleading and false contact information when applying for registration of the Infringing Domain Name. Accordingly, there is no legitimate business purpose to Defendants' website other than its unlawful advertisement and sale of Infringing Merchandise.

## ii. ILLEGAL COPYING OF HARMONY'S COPYRIGHTED WORKS

51.     Rockstar has infringed Harmony's registered copyrights by copying numerous photographs and images, including product images, model photographs, text and product glamour shots protected by Harmony's Copyright Registrations on Rockstar's website operating at the Infringing Domain Name.

52.     Rockstar's website displays images and descriptions copied directly from Harmony's copyrighted works shown below:



**Infringing Website – "After Dark" Promotional Page**



**Harmony Works Registration No. VA 1-874-655**





**Infringing Website – "Bronzed" Promotional Page**



**Harmony Works Registration No. VA 1-880-668**

14

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12



13

**Infringing Website – "Rio Neon Collection" Promotional Page**

14

15

16

17

18



19

20

**Harmony Works Registration No. VA 1-880-728**

21

22

23

24

25

26

27

28



**Infringing Website – "Candy Land Collection- Don't Be Such a Sourpuss"**

**Promotional Page**

**Harmony Works Registration No. VA 1-880-732**

53.     These reproduced examples of blatant copying of the copyrighted Harmony Works represent a mere four of the dozens of instances of copyright infringement known to Plaintiffs

54.     Because Harmony incorporates a copyright notice on its copyrighted materials, Defendants were on actual or constructive notice that Harmony owns all rights in the copyrighted works.

### iii.   DEFENDANTS' UNFAIR COMPETITION AND INTEREFERENCE WITH HARMONY'S EXCLUSIVE DISTRIBUTORSHIPS

55.   Defendants are not authorized distributors of Harmony Goods, but instead sell Infringing Merchandise in direct competition with Plaintiffs and authorized distributors.

56.   Upon information and belief, the diverted Harmony goods are shipped to untrained and unauthorized consumers without proper packaging and proper identification of the flammable nature of the goods in violation of the Hazardous Materials Transportation Act of 1975, as amended and/or updated.

57.   Upon information and belief, Defendants know of the restrictions stated in Harmony's agreements with its authorized distributors concerning the sale of Harmony Goods, and that these contractual restrictions make it impossible for Defendants to legitimately obtain Harmony Goods from Harmony.  Among other things, Harmony restricts the sale of Harmony Goods over the Internet to help avoid, *inter alia*, sales to untrained or unskilled salons and individuals, as well as any violation of the Hazardous Materials Transportation Act.

58.   Worse, Defendants actively solicit additional sellers of Infringing Merchandise through a sham "Affiliate Program" where potential co-conspirators have the opportunity to "Make a ton of cash by telling people about us."

### E.   DOES 1 THROUGH 10 ACTIVELY ASSIST IN INFRINGEMENT

59.   Each of the DOE Defendant officers and/or directors of the entity Defendants is personally liable for acts, omissions and damages as alleged herein because Plaintiffs are informed and believe that each such Defendant officer or director meaningfully participated in, consented to or approved of their respective companies' tortious conduct by: purchases or investments in such Defendants companies' principal assets which result from unlawful conduct; control of their

1  companies and appointment of personnel to operate the company while it engages in
2  unlawful conduct; and did so with knowledge of the unlawful conduct.

3       60.   Again, other than as is alleged in this Complaint, Plaintiffs are ignorant
4  of the true identities of each officer, director or other person or entity working for
5  and/or participating with the other Defendants, and therefore, as mentioned, sue
6  them by fictitious names.   Plaintiffs are informed and believe that each of the
7  Defendants designated as a Doe is liable in some manner for the acts and omissions,
8  damages and injuries alleged in this Complaint.   Plaintiffs will seek to amend this
9  Complaint to state the true identities of Does 1 through 10 when ascertained.

10      61.   Plaintiffs have performed or satisfied all pre-conditions to this action or
11  any such actions have been waived by Defendants.   Moreover, all of the counts
12  asserted below are against all of the Defendants.

13                              **COUNT I**

14          **Cybersquatting Pursuant to §43(d) of the Lanham Act**

15                        **(15 U.S.C. §1125(d))**

16      62.   Plaintiffs repeat and re-allege the allegations in Paragraphs 1 to 61
17  above as if fully set forth herein.

18      63.   Upon information and belief, Defendants have acted with bad faith
19  intent to profit the Harmony Marks and the goodwill associated with the Harmony
20  Marks by registering and using the Infringing Domain Name.

21      64.   The Harmony Marks are each distinctive, and at least the GELISH
22  mark was famous at the time Defendants registered the Infringing Domain Name.

23      65.   The Infringing Domain Name identically incorporates the HARMONY
24  and GELISH marks, and accordingly is confusingly similar, dilutive, or both of at
25  least one of the Harmony Marks.

26      66.   Plaintiffs are entitled to statutory damages under 15 U.S.C. § 1117(d).

27

28

67.   Defendants' unlawful actions are causing, and continue to cause, Plaintiffs unquantifiable damages, including the diminution of goodwill.  Plaintiffs have no adequate remedy at law.

68.   Plaintiffs have suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if the Defendants are not preliminary and permanently enjoined.   Accordingly, Plaintiffs seek both preliminary and permanent injunctive relief.

69.   Because of the exceptional nature of this case and/or Defendants' willful, malicious and/or fraudulent conduct, Plaintiffs are entitled to punitive and/or enhanced damages, including treble damages, as well as costs and attorneys' fees flowing from Defendants' unlawful cybersquatting.

## COUNT II

### Trademark Infringement Pursuant to §32 of the Lanham Act

### (15 U.S.C. § 1114)

70.   Plaintiffs repeat and reallege the allegations in Paragraphs 1 to 61 above as if fully set forth herein.

71.   Defendants are selling Harmony Goods, bearing the federally registered Harmony Marks, which are materially different than genuine Harmony Goods sold by Harmony.  At least one such difference is the obliteration of batch serial codes etched on the lower side of the gel polish bottles sold by Defendants.

72.   Defendants' etching is clearly noticeable to those who examine the bottle.  Etching the bottles to remove the serial codes degrades the appearance of the Harmony Goods and creates a likelihood of confusion between the goods sold by Defendants and Plaintiffs' authorized Harmony Goods.

73.   Defendants knowingly and without Plaintiffs' consent have used in commerce colorable imitations of multiple registered marks of Plaintiffs' in connection with the sale, offering for sale, distribution, and/or advertising of the Infringing Merchandise.  Such use is likely to cause confusion or mistake, or to

1 deceive, including misleading consumers to believe they are buying a professional
2 nail care preparation by a trained and authorized Harmony distributor.

3       74.     Defendants' unlawful actions are causing, and continue to cause,
4 Plaintiffs unquantifiable damages, including the diminution of goodwill.  Plaintiffs
5 have no adequate remedy at law.

6       75.     Plaintiffs have suffered and will continue to suffer irreparable injury
7 due to the above described activities of Defendants if the Defendants are not
8 preliminary and permanently enjoined.     Accordingly, Plaintiffs seek both
9 preliminary and permanent injunctive relief.

10      76.     Because of the exceptional nature of this case and/or Defendants'
11 willful, malicious and/or fraudulent conduct, Plaintiffs are entitled to punitive and/or
12 enhanced damages, including treble damages, as well as costs and attorneys' fees
13 flowing from Defendants' trademark infringement.

14                          **COUNT III**

15      **Trademark Infringement Pursuant to §42 of the Lanham Act**
16                       **(15 US.C. § 1125)**

17      77.     Plaintiffs repeat and reallege the allegations in Paragraphs 1 to 61
18 above as if fully set forth herein.

19      78.     Defendants are selling Harmony Goods bearing the Harmony Marks
20 protected under the Lanham Act, and the goods sold by Defendants are materially
21 different than genuine Harmony Goods sold by Harmony.   At least one such
22 difference is the obliteration of batch serial codes etched on the lower side of the gel
23 polish bottles sold by Defendants.  This alteration is material because, among other
24 things, it increases of risk of harm to consumers as a result of not being able to track
25 the source of goods or control or limit their use by untrained individuals.

26      79.     Defendants' etching is clearly noticeable to those who examine the
27 bottle.  Etching the bottles to remove the serial codes degrades the appearance of the

28

1  Harmony Goods and creates a likelihood of confusion between the goods sold by
2  Defendants and Plaintiffs' authorized Harmony Goods.

3      80.   Defendants knowingly and without Plaintiffs' consent have used in
4  commerce colorable imitations of multiple registered marks of Plaintiffs' in
5  connection with the sale, offering for sale, distribution, and/or advertising of the
6  Infringing Merchandise.  Such use is likely to cause confusion or mistake, or to
7  deceive, including misleading consumers to believe they are buying a professional
8  nail care preparation by a trained and authorized Harmony distributor.

9      81.   Defendants' unlawful actions are causing, and continue to cause,
10 Plaintiffs unquantifiable damages, including the diminution of goodwill.  Plaintiffs
11 have no adequate remedy at law.

12     82.   Plaintiffs have suffered and will continue to suffer irreparable injury
13 due to the above described activities of Defendants if Defendants are not
14 preliminary and permanently enjoined.   Accordingly, Plaintiffs seek both
15 preliminary and permanent injunctive relief.

16     83.   Because of the exceptional nature of this case and/or Defendants'
17 willful, malicious and/or fraudulent conduct, Plaintiffs are entitled to punitive and/or
18 enhanced damages, including treble damages, as well as costs and attorneys' fees
19 flowing from Defendants' unfair competition.

20                       **COUNT IV**

21                  **Copyright Infringement**

22               **(17 U.S.C. § 501 *et seq.*)**

23     84.   Plaintiffs repeat and reallege the allegations in Paragraphs 1 to 61
24 above as if fully set forth herein.

25     85.   The Harmony works were registered with the U.S. Copyright Office
26 prior to the institution of this action.

27

28

86.     The copyrighted Harmony works, including the advertising artwork of Harmony Goods described herein, constitute copyrightable subject matter under United States law.

87.     Harmony is the exclusive owner to the copyrighted Harmony works. No license or authorization has ever been granted to Defendants for the use any of the Harmony works.

88.     Defendants have intentionally and willfully infringed Harmony's copyrights by their unauthorized copying of the copyrighted Harmony works.

89.     As a proximate result of Defendants' unlawful copying, Defendants have been unjustly enriched while Plaintiffs and its authorized distributors have suffered damages.

90.     Plaintiffs are entitled to recover from Defendants statutory damages pursuant to 17 U.S.C. §504(c) and/or actual damages which they have sustained and will sustain as a result of Defendants' wrongful copying.  At this time, Plaintiffs cannot presently ascertain the full nature and extent of their damages.

91.     Plaintiffs are also entitled to recover from Defendants the profits that Defendants have obtained as a result of the wrongful conduct alleged herein.  At this time, Plaintiffs cannot presently ascertain Defendants profits, but are entitled to an accounting from each Defendant to permit Plaintiffs to determine the profits gained by Defendants' unlawful conduct.

92.     Given the nature of the wrongful conduct, Plaintiffs have no adequate remedy at law.  Monetary compensation will not afford Plaintiffs full and adequate relief.  Defendants' wrongful conduct should be preliminarily and permanently enjoined, otherwise Plaintiffs will continue to suffer irreparable and ongoing harm.

93.     The unlawful acts of Defendants described herein were conducted willfully, fraudulently, and/or maliciously.  Therefore, Plaintiffs are entitled to recover punitive and/or enhanced damages, including treble damages.

94.    Plaintiffs also are entitled to recover their costs and attorneys' fees as a result of Defendants' copyright infringement.

## COUNT V

### Interference with Contractual Relations and/or
### Prospective Business Advantages

95.    Plaintiffs repeat and reallege the allegations in Paragraphs 1 to 61 above as if fully set forth herein.

96.    Plaintiffs have contracts with certain authorized distributors.  Harmony distributors have agreed to distribute and sell the Harmony Goods pursuant to certain terms and conditions, which are known to Defendants.  Plaintiffs' agreement and policies with their authorized distributors prohibit diversion and the selling of Harmony Goods on the Internet without Harmony's advanced approval.

97.    Harmony's distribution agreements also restrict the sale of the Harmony Goods to licensed salons with properly trained cosmetologists.

98.    When general merchandisers sell Harmony Goods outside the authorized distribution network, their conduct damages Plaintiffs' goodwill and could endanger end-user customers who may receive nail care services from untrained individuals.  Defendants have access to this information.

99.    Plaintiffs are informed and believe that Defendants know of the existence of the Harmony distribution agreements and know of the restrictions concerning the Harmony Goods, and reasons therefore.

100.    On information and belief, Defendants intended to cause breaches by authorized Harmony distributors of their contractual obligations with Harmony so that those distributors would sell Harmony Goods to Defendants.   Defendants' conduct was a substantial factor in making Plaintiffs' performance of their contracts with the Harmony distributors more difficult, more expensive and less profitable.

101.    As a result of the conduct of Defendants, Plaintiffs' contractual relationships have been harmed, breached and disrupted.  Plaintiffs have suffered